**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RASHID EL MALIK, Plaintiff-Appellant, v. UNITED STATES OF AMERICA, Defendant-Appellee. | No.   18-55322 D.C. No. 2:17-cv-05085-FMO-AS MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted March 31, 2020[**]
Pasadena, California

Before:  BEA and BADE, Circuit Judges, and McCALLA,[***] District Judge.

Rashid El Malik, a disabled veteran of the U.S. Army, appeals from the

district court's dismissal of his Federal Tort Claims Act ("FTCA") action pursuant

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

to Federal Rule of Civil Procedure 12(b)(1). El Malik proceeded pro se in the district court and we appointed counsel on appeal. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), and affirm.

1. The district court properly dismissed El Malik's FTCA claim for lack of subject matter jurisdiction pursuant to the Veterans' Judicial Review Act ("VJRA"). The VJRA jurisdictionally barred El Malik's claims. *See* 38 U.S.C. § 511(a). As alleged in the second amended complaint, El Malik's claims were premised on delays of the Department of Veterans Affairs ("VA") in processing his claims for home-adaptation benefits and in providing those benefits. Resolving El Malik's claims would require the district court to "determine whether the VA acted properly in handling [El Malik's] request for benefits," and thus, § 511(a) bars jurisdiction over those claims. *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (quoting *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012)).

2. El Malik contends on appeal that the district court erred in dismissing his FTCA claim without leave to amend because, liberally construed, the operative complaint alleges the VA negligently supervised a third-party contractor who performed home-adaption work. No fair reading of the complaint reflects any negligent-supervision theory of liability. Nor did El Malik oppose dismissal in the

2

district court on the grounds that the operative complaint alleged such a negligence theory. Because El Malik's opposition to the government's motion to dismiss did not argue that dismissal was unwarranted because he meant to allege a negligent-supervision claim, any such argument is forfeited. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

**AFFIRMED.**